## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Richard Schwartz, | : Civil Action |
| Plaintiff, | : |
| | : No.: |
| v. | : |
| | : **COMPLAINT and JURY DEMAND** |
| Planalytics, Inc., | : |
| Defendant. | : |
| | : |

Plaintiff Richard Schwartz ("Schwartz" or "plaintiff"), by and through his counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of Complaint against defendant Planalytics, Inc. ("defendant" or "Planalytics") hereby says, states, and avers as follows:

### PARTIES

1.      Plaintiff is a citizen of the State of New Jersey domiciled at 4 Henley Lane, Voorhees, New Jersey 08043.

2.      Upon information and belief, defendant is incorporated under the laws of Pennsylvania and has a principal place of business at 920 Cassatt Road, Suite 300, Berwyn, Pennsylvania 19312, rendering it a citizen of Pennsylvania.

### JURISDICTION AND VENUE

3.      Jurisdiction of this Court is based upon 28 U.S.C. §1332 as Schwartz and Planalytics are citizens of different states and the amount in controversy exceeds $75,000.00.

4.      In addition, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1343(a)(4) because Schwartz seeks redress for violations of civil rights under the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA").

5.     This Court also has jurisdiction over the plaintiff's state law claims as they arise out of the same facts as his federal law claims.

6.     This Court may maintain personal jurisdiction over defendant because its contacts with this Sate and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice.

7.     Pursuant to 28 U.S.C. 1391, venue is properly laid in this District because a substantial part of the transactions and issues giving rise to plaintiff's claims occurred in this judicial district.

## FACTS

8.     The foregoing paragraphs are incorporated at length as if set forth fully herein.

9.     For almost twenty-five years, Schwartz has been in the sales business.

10.     For the past six years he has been employed by defendant as its Vice President of Sales.

11.     Defendant, an analytics company, holds itself out as the "global leader in business weather intelligence."

12.     At all times relevant, Schwartz worked for defendant more than half the time in his home office in Voorhees, New Jersey.

13.     Plaintiff has consistently been ranked as one of defendant's top sales producers.

14.     Defendant has positively reviewed plaintiff's performance throughout plaintiff's tenure with defendant.

15.     Defendant has never disciplined or criticized plaintiff's performance in any way during plaintiff's employment with defendant.

16.     Within the past nine months, defendant hired Rick Bushnell ("Bushnell") as its

Senior Vice President of Sales.

  17. Bushnell became plaintiff's direct supervisor.

  18. Bushnell was to evaluate the sales employees, including plaintiff, in January 2016.

  19. As Bushnell was only employed by defendant for a few months, at the time of the last employee evaluations in January 2016, everyone in the sales department, including Schwartz, did not receive any substantive evaluation.

  20. At no time did Bushnell ever criticize Schwartz's work performance.

  21. In May 2016, Schwartz mentioned to defendant's Human Resources Director Sandra Landsperger that he was considering taking FMLA leave to tend to his son who was having certain medical issues.

  22. Schwartz was eligible for FMLA leave based upon his son's condition.

  23. Landsperger was non-committal as to whether plaintiff would be a candidate for FMLA but she did acknowledge that defendant should present its employees with a seminar on FMLA.

  24. However, defendant failed to provide plaintiff or its other employees with a seminar on the workings of the FMLA.

  25. Before Schwartz made a decision to apply for FMLA to tend to his son, he received the results of his own medical tests.

  26. Schwartz was diagnosed with cancer and an atrial flutter.

  27. On June 10, 2016, plaintiff notified defendant, through Landsperger of his medical conditions.

  28. Defendant knew that plaintiff was going to seek FMLA leave.

  29. In response to learning of plaintiff's aforementioned health conditions, the next

business day, June 13, 2016, defendant, through Bushnell, terminated plaintiff's employment.

30.     At first, no reason for the termination was provided to Schwartz.

31.     Schwartz asked defendant why, after 6 years of exemplary service, his employment was terminated.

32.     Defendant ultimately advised that Schwartz was terminated for poor work performance.

33.     Defendant did not provide plaintiff with any examples of his alleged poor work performance.

34.     Because defendant's reasoning for terminating plaintiff is unfounded and pretextual, plaintiff believes and avers that he was actually terminated because of his health conditions, because defendant perceived him to be disabled and/or in retaliation because defendant knew he was going to seek FMLA benefits.

## COUNT ONE

### Violation of the Family Medical Leave Act ("FMLA")

35.     The foregoing paragraphs are incorporated at length as if set forth fully herein.

36.     Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(a)(i)(ii).

37.     Schwartz inquired about requesting leave from defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A. § 2611 (2)(i).

38.     Plaintiff had at least 1,250 hours of service with the defendant during his last full year of employment.

39.     Defendant engages in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work

weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611 (4)(A)(i).

40.     Schwartz was entitled to receive leave pursuant to 29 U.S.C.A. § 2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

41.     Defendant was required to enter into an interactive process with plaintiff and to inform him of his rights under the FMLA regarding his need to miss periodic time from work and for him to work a reduced schedule, as specifically permitted by the FMLA.

42.     Defendant unlawfully interfered with Schwartz's rights under the FMLA and retaliated against him by: (1) terminating him for intending to take FMLA qualifying absences and leave; (2) failing to properly advise him of his rights under the FMLA; and (3) by terminating plaintiff to prevent him from further exercising his rights under the FMLA.

43.     These actions as aforesaid constitute both interference and retaliation violations of the FMLA.

## COUNT TWO

### Violation of the New Jersey Law Against Discrimination ("NJ LAD")

44.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.     Plaintiff qualifies as an individual with a disability, or one who is perceived as having a disability under NJ LAD.

46.     Defendant knew that plaintiff was going to seek FMLA leave.

47.     After informing defendant of his health condition, plaintiff was terminated from his employment with defendant.

48.     Defendant retaliated against plaintiff by unlawfully terminating plaintiff because of his known and/or perceived health problems and/or because defendant believed that plaintiff

was going to request an accommodation from defendant (time off from work).

46.    These action as aforesaid constitute violations of the NJ LAD.

## COUNT THREE

### Violation of the New Jersey Family Leave Act ("NJ FLA")

47.    The foregoing paragraphs are incorporated herein in their entirely as if set forth in full.

48.    Plaintiff was qualified for leave under the NJ FLA, and was going to take leave to care of his son and/or himself.

49.    Defendant unlawfully terminated plaintiff because defendant believed that plaintiff was going seek NJ FLA qualifying absenteeism.

50.    These actions as aforesaid constitute violations of the NJ FLA.

## COUNT FOUR

### Violation of the Americans With Disability Act ("ADA")

51.    The foregoing paragraphs are incorporated herein in their entirely as if set forth in full.

52.    In light of his diagnosis, plaintiff qualifies for protection under the ADA as he has a disability or is perceived by defendant as disabled.

53.    Plaintiff was qualified for the position from which he was discharged.

54.    Defendant violated plaintiff's rights under the ADA for terminating him due to his disability.

## COUNT FIVE

### BREACH OF IMPLIED
### COVENANT OF GOOD FAITH AND FAIR DEALING

55.     The foregoing paragraphs are incorporated herein in their entirely as if set forth in full.

56.     Plaintiff's employment relationship with defendant contains an implied covenant of good faith and fair dealing.

57.     By engaging in the wrongful acts described above, defendant has breached the obligation to act fairly and in good faith toward plaintiff.

58.     As a direct and proximate result of defendant's bad faith conduct, plaintiff has been damaged and will face continuing damages.

**WHEREFORE**, plaintiff prays that this Court enter and Order providing that:

1.        Defendant is to rehire plaintiff under the same terms and conditions that existed at the time up to plaintiff's termination, compensate plaintiff, reimburse plaintiff, and make plaintiff whole for any and all pay and benefits plaintiff would have received had it not been for defendant's illegal actions, including but not limited to back pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

2.        Plaintiff is to be awarded actual damages, as well as damages for the pain and suffering, and humiliation caused by defendant's action (as permitted by applicable law);

3.        Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish defendant for its willful, deliberate, malicious and outrageous conduct;

4.        Plaintiff is to be accorded other equitable and legal relief as the Court

deems just, proper, and appropriate;

      5.             Plaintiff is to be awarded the costs and expenses of this action and

reasonable attorney's fees as provided by applicable federal and state law;

 

 

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY**

Dated: 7/1/16

Jeffrey P. Resnick, Esquire
East Gate Corporate Center
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
Attorneys for Plaintiff

## JURY TRIAL DEMAND

Please take notice that the plaintiff demands a trial by jury as to all issues in the above

matter.

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY

Dated: 7/1/16

Jeffrey P. Resnick, Esquire
East Gate Corporate Center
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
Attorneys for Plaintiff

9