RICHARD SCHWARTZ,

        Plaintiff,

    v.

PLANALYTICS, INC.,

        Defendant.

1:16-cv-03933-NLH-AMD

**OPINION**

**APPEARANCES**:

JEFFREY P. RESNICK
SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, PC
EAST GATE CORPORATE CENTER
308 HARPER DRIVE
SUITE 200
MOORESTOWN, NJ 08057
    On behalf of Plaintiff

LISA MARIE SCIDURLO
STEVENS & LEE, P.C.
620 FREEDOM BUSINESS CENTER
SUITE 200
KING OF PRUSSIA, PA 19406
    On behalf of Defendant

**HILLMAN**, District Judge

    Plaintiff Richard Schwartz worked for Defendant Planalytics, Inc. for six years as a sales person. In 2016, Plaintiff, who was 55 years old at the time, was diagnosed with cancer and an atrial flutter. On June 10, 2016, Plaintiff notified Defendant's human resources director of his medical conditions and, according to Plaintiff, the HR director knew he was going to seek FMLA leave. On June 13, 2016, Defendant fired

Plaintiff for poor work performance, even though Plaintiff contends that he was an exemplary employee who was a top sales producer and had never been disciplined or criticized.

Plaintiff claims that Defendant violated his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12111 et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq., the New Jersey Family and Medical Leave Act ("NJFMLA"), N.J.S.A. 34:11B-1 et seq., and breached the covenant of good faith and fair dealing when Defendant terminated him from employment.

Presently before the Court is the motion of Defendant to dismiss[1] Plaintiff's claims for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or to dismiss six of Plaintiff's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or to transfer venue to the U.S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). For the reasons expressed below, Defendant's motion will be granted in part, and the matter will be

---

[1] In response to Defendant's motion to dismiss, Plaintiff filed a cross-motion to stay the decision on Defendant's motion until Plaintiff's charge filed with the Equal Employment Opportunities Commission ("EEOC") was decided. On April 20, 2017, the EEOC closed Plaintiff's file on his charge because of this lawsuit. Accordingly, Plaintiff's cross-motion to stay is now moot.

transferred to the Eastern District of Pennsylvania.

**DISCUSSION**

**A.    Subject matter jurisdiction**

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

**B.    Analysis**

Defendant argues that this Court does not have personal jurisdiction over it.  Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'"  Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California, 480 U.S. 102, 109 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises

out of activities by the defendant that took place within the forum state. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 n.8 (1984).[2] A defendant's contacts with the forum may not be "random," "fortuitous" or "attenuated." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).

Plaintiff argues that this Court may exercise specific jurisdiction over Defendant because: a) it required him to work from a home office when it hired him, and that home office was in New Jersey; b) most of Defendant's sales representatives worked from home and that was how the company operated; c) Plaintiff worked from his home office four days a week, and only traveled to the Berwyn, PA office for Monday meetings, although he was not required to as he could have attended telephonically; d) Plaintiff's supervisor for most of his tenure worked remotely from Boston and now Florida; e) Plaintiff had been assigned to work on New Jersey accounts; f) at the time of his termination Plaintiff was prospecting New Jersey accounts; g) Defendant reimbursed his mileage costs from his home office and his home office expenses; h) Defendant paid Plaintiff by direct deposit

---

[2] If the cause of action has no relationship to a defendant's contacts with a forum state, the Court may nonetheless exercise general personal jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984). Plaintiff does not argue that general jurisdiction is applicable.

to a bank in New Jersey; i) Plaintiff's phone calls were permanently forwarded to his home office; j) his email footer and business card included his New Jersey cell phone number; and k) Defendant never told Plaintiff that he was not permitted to work from his home office.

Plaintiff argues that because Defendant purposely hired and employed for six years a New Jersey resident to work from his New Jersey home, his claims arise out of this relationship, and no factors render jurisdiction in New Jersey unfair or unreasonable, this Court may exercise personal jurisdiction over Defendant.

In contrast, Defendant argues that it only has attenuated contacts with New Jersey and it has not purposefully directed its activities to New Jersey: a) it is incorporated in Pennsylvania and operates one office in the U.S. in Pennsylvania; b) it does not have an office in New Jersey; c) it has never filed a corporate tax return in New Jersey; d) it does not maintain any bank accounts in New Jersey; e) only four of its clients are located in New Jersey and Plaintiff never managed any of them; f) it performs all work for those clients in its Berwyn, Pennsylvania office; and g) Plaintiff unilaterally decided to work from home for his own convenience, even though he was never authorized to do so.

Based on Defendant's very limited contacts with New Jersey,

and that Plaintiff's claims against it arise out of communications that occurred in Pennsylvania, Defendant argues this Court may not exercise personal jurisdiction over it.

Related to Defendant's lack of personal jurisdiction argument, Defendant contends that this forum is not the proper venue for Plaintiff's case.  Two provisions governing venue are applicable here.  Title 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Title 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum.  Lafferty v. St. Riel, 495 F.3d 72, 76–77 (3d Cir. 2007) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); 17A Moore's Federal Practice, § 111.02 (Matthew Bender 3d ed. 2006)).  Section 1406(a) comes into play where plaintiffs file suit in an improper forum, and in those instances, district courts are required either to dismiss or

transfer to a proper forum.  Id. (citations omitted).

Venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State."  28 U.S.C. § 1391(b)(1).  A plaintiff's residence is irrelevant to that inquiry.  Al-Ghena Intern. Corp. v. Radwan, 957 F. Supp. 2d 511, 519–20 (D.N.J. 2013) (citation omitted).  Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).

Defendant argues that because the action's only connection to this Court is Plaintiff's residence, Plaintiff could have, and should have, brought his case in the U.S. District Court for the Eastern District of Pennsylvania.  Defendant further argues that venue in the Eastern District of Pennsylvania is a proper venue because all of the witnesses and documents are in Berwyn, Pennsylvania, and the location of the Eastern District of Pennsylvania courthouse is not inconvenient to Plaintiff because it is only two miles from this Court, and Plaintiff traveled into Pennsylvania weekly for six years for Monday meetings.

 Plaintiff rejects Defendant's inconvenience argument, and in addition to the reasons Plaintiff argues for personal jurisdiction over Defendant, Plaintiff argues that his choice of forum should not be disturbed because the location of this Court

two miles away from the Eastern District of Pennsylvania courthouse in Philadelphia is just as convenient for Defendant as Defendant argues it is convenient for Plaintiff.

Regardless of the determination of whether this Court can exercise personal jurisdiction over Defendant, the Court may look to 28 U.S.C. § 1404(a) or § 1406(a) to determine whether to transfer Plaintiff's case. "A district court may transfer a[n] action to another district court even if it lacks jurisdiction over a defendant." <u>Rappoport v. Steven Spielberg, Inc.</u>, 16 F. Supp. 2d 481, 507 (D.N.J. 1998) (citing <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 465-66 (1962); <u>Carteret Sav. Bank, FA v. Shushan</u>, 919 F.2d 225, 231 (3d Cir. 1990); <u>United States v. Berkowitz</u>, 328 F.2d 358, 361 (3d Cir. 1964); <u>Telesis Mergers & Acquisitions, Inc. v. Atlis Fed. Svcs.</u>, Inc., 918 F. Supp. 823, 829 (D.N.J. 1996));[3] <u>see also</u> <u>Leroy v. Great W. United Corp.</u>, 443 U.S. 173, 180 (1979) (citations omitted) ("The question of personal jurisdiction, which goes to the court's power to

_____

[3] <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 465-66 (1962) holds, "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." The Third Circuit found that <u>Goldlawr</u> applies equally to § 1404(a) and § 1406(a) because they are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another. <u>U.S. v. Berkowitz</u>, 328 F.2d 358, 361 (3d Cir. 1964).

exercise control over the parties, is typically decided in
advance of venue, which is primarily a matter of choosing a
convenient forum.  On the other hand, neither personal
jurisdiction nor venue is fundamentally preliminary in the sense
that subject-matter jurisdiction is, for both are personal
privileges of the defendant, rather than absolute strictures on
the court, and both may be waived by the parties.  Accordingly,
when there is a sound prudential justification for doing so, we
conclude that a court may reverse the normal order of
considering personal jurisdiction and venue.").  Moreover, if
the Court were to find that it could not exercise personal
jurisdiction over Defendant, "[d]ismissal is considered to be a
harsh remedy . . . and transfer of venue to another district
court in which the action could originally have been brought, is
the preferred remedy."  NCR Credit Corp. v. Ye Seekers Horizon,
Inc., 17 F. Supp. 2d 317, 319 (D.N.J. 1998) (citing Goldlawr,
369 U.S. at 466).

Where the proposed alternative forum is appropriate, it is
within the Court's discretion to transfer the action.  Jumara v.
State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995) (citing
Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29
(1988) (explaining that the district court has the discretion
"to adjudicate motions for transfer according to an
individualized, case-by-case consideration of convenience and

fairness" (citation and quotations omitted)).  Here, it is
undisputed that: (1) personal jurisdiction may be exercised over
Defendant in the Eastern District of Pennsylvania; (2) venue is
proper in the Eastern District of Pennsylvania because it is a
judicial district where Defendant resides and where a
substantial part of the events giving rise to the claims
occurred; and (3) the Eastern District of Pennsylvania cannot be
considered inconvenient for Plaintiff.  Based on these
considerations, the Court finds that it is in the interest of
justice that the case be transferred to the Eastern District of
Pennsylvania.[4]  See, e.g., Bliss Network Management v. Hunter
EMS, Inc., 2011 WL 773236, at *2-3 (D.N.J. 2011) (addressing the
venue issue first, and finding that because the defendants have
shown that a transfer of venue is appropriate under § 1404(a),
the court did not reach the questions of whether one defendant
is subject to the exercise of personal jurisdiction or whether

_____

[4] Using the same argument to support its position that personal
jurisdiction over it is lacking, Defendant argues that
Plaintiff's NJFMLA and NJLAD claims fail because it is not a New
Jersey employer subject to those New Jersey statutes.  Defendant
presents two separate inquiries and the resolution of one does
not immediately determine the other.  Upon transfer, the
personal jurisdiction issue will be resolved, and the Eastern
District of Pennsylvania may decide, independent of the personal
jurisdiction considerations, whether Plaintiff's NJFMLA and
NJLAD claims are viable, should Defendant refile a motion to
dismiss on that basis, along with Defendant's additional bases
to dismiss the other counts in Plaintiff's complaint presented
here.

10

the complaint should be dismissed for improper venue).

## CONCLUSION

For the foregoing reasons, Defendant's motion to transfer venue to the U.S. District Court for the Eastern District of Pennsylvania will be granted.  The other relief sought by Defendant in its motion will be denied without prejudice. Plaintiff's cross-motion to stay will be denied as moot.  An appropriate Order will be entered.


Date:  __June 29, 2017__          ___s/ Noel L. Hillman___
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.